[Cite as *Au v. Waldman*, 2011-Ohio-2233.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


HAROLD L. AU

      Plaintiff-Appellant

-vs-

HARRY L. WALDMAN, et al.

      Defendants-Appellees

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 2010 CA 112

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2009 CV 1310 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 9, 2011 |


APPEARANCES:

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| PETER D. TRASKA<br>EGAN P.KILBANE<br>RYAN M. HARRELL<br>ELK & ELK<br>6105 Parkland Boulevard<br>Mayfield Heights, Ohio 44124 | BRUCE A. CURRY<br>CURRY, ROBY &<br>MULVEY CO., LLC<br>8000 Ravine's Edge Court<br>Suite 103<br>Columbus, Ohio 43235 |

*Wise, J.*

{¶1}   Plaintiff-appellant Harold L. Au appeals the August 18, 2010, Judgment Entry of the Richland County Court of Common Pleas granting summary judgment in favor of Defendants-appellees Harry L. Waldman and Judith A. Waldman.

STATEMENT OF THE FACTS AND CASE

{¶2}   This appeal arises out of a slip and fall injury sustained by Appellant Harold Au.  The relevant facts are as follows:

{¶3}   Appellees Harold and Judith Waldman own two neighboring rental properties in Mansfield, Ohio.   Their property consists of two houses which have multiple efficiency apartments.   These houses are located at 224 and 226 W. Third Street.  In 2008, Appellant Harold Au rented one of the units, Apartment #1 at the 226 W. Third Street house. The two rental houses are situated on the property such that the stairs outside the back door of each descend to a shared concrete slab which is approximately 10' x 12'.

{¶4}   Approximately four to six weeks before the accident, Appellee laid a plywood board over a drain located near the middle of the slab. (Waldman Dep. at 30). He reasoned that his tenants could walk over the board, thus avoiding water from rain or snow that might collect around the drain in inclement weather. (Id. at 31). According to Appellee, he placed the board such that one could descend either set of steps without stepping on it. Id.

{¶5} Significant snowfall accumulated between March 7th and March 8th, followed by temperatures above freezing on March 9th. [1]

{¶6} On the morning of March 9th, Appellant shoveled a path between the house. He then later attended a fish fry at his friend Ray Brasseur's apartment, which was located at apartment #4 of the 224 address. (Au Depo. at 27). As stated above, the concrete slab joined these residences, and one could walk across the slab to get from one building to another. Appellant stated that as he made his way from his residence to that of Mr. Brasseur, the temperature was above freezing. Id. at 50. He further stated that he walked across the board to get to the steps behind Mr. Brasseur's residence and that when he did so, the board "squished water" and shifted position such that it was at more of a diagonal and closer to Mr. Brasseur's steps. Id

{¶7} Appellant recalled that he stayed at the fish fry for approximately forty-five minutes and then left to go back to his apartment. Id. at 43. He stated the pooled water had now frozen on the slab and the board had become frozen to the slab in its new position. Id. at 51, 53.

{¶8} Appellant recounted that he used the handrail as he descended the steps from Mr. Brasseur's apartment, and when he reached the bottom he stepped with his left foot onto the slab and his foot slipped and became wedged under the board. Id. at 55-56. He states that the heel of his left foot then came down against the back of the stair step causing him to lose his balance and fall, with his left foot still wedged under

---

[1] Appellee recalled that a total of 17 inches of snow had fallen from Friday into Saturday evening. (Waldman Depo. at 15-16). Appellant confirmed that the storm left a "pretty good pile of snow." (Au Dep. at pp. 45 & 58).

the board. Id. at 56. As a result, Appellant incurred a bi-malleolar fracture to his left ankle, requiring surgery and causing Appellant to lose fourteen weeks of work.

{¶9} According to Appellant, it had not snowed again between the time he shoveled the slab and the time he slipped and fell, so that none of the water, snow or ice on the slab at the time of injury was the direct result of new snow that had fallen. Id. at 45.

{¶10} On September 8, 2009, Appellant filed an action in the Richland County Court of Common Pleas against Appellees Harry and Judith Waldman, the owners of the property.

{¶11} On July 8, 2010, Appellees filed a Motion for Summary Judgment.

{¶12} By Judgment Entry filed August 25, 2010, the trial court granted Appellee's motion, finding that Appellant's injuries were caused by the natural accumulation of ice and snow; that Appellee did not have notice of the condition; that the condition was open and obvious; and, that the Landlord-Tenant act was inapplicable under these circumstances

{¶13} Appellant now appeals, raising the following assignments of error:

### ASSIGNMENTS OF ERROR

{¶14} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS THAT APPELLEE WALDMAN WAS NOT LIABLE UNDER THE LANDLORD-TENANT ACT.

{¶15} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS THAT APPELLEE WALDMAN WAS NOT LIABLE UNDER COMMON-LAW NEGLIGENCE."

**{¶16}** In each of Appellant's assignments of error he argues that the trial court erred in granting summary judgment in favor of Appellees.

## Summary Judgment Standard

**{¶17}** Civ.R. 56 states in pertinent part:

**{¶18}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

**{¶19}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company* (1981), 67 Ohio St.2d 427, 424 N.E.2d 311. The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 474 N.E.2d 271. A fact is material if it affects the outcome of

the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 733 N.E.2d 1186.

**{¶20}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 738 N.E.2d 1243, 2000-Ohio-186.

**{¶21}** In the case sub judice, Appellant-tenant sought to establish negligence claims against Appellees-landlords under (1) R.C. 5321 et seq., commonly referred to as the Landlord-Tenant Act or (2) common law premises liability.

## I.

**{¶22}** In his first assignment of error, Appellant asserts the trial court erred in granting summary judgment in favor of Appellees and in finding that Appellees were not liable under the Landlord-Tenant Act. We disagree.

**{¶23}** R.C. §5321 et seq. governs the obligations of a landlord and provides, in pertinent part:

**{¶24}** "(A) A landlord who is a party to a rental agreement shall do all of the following:

**{¶25}** "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

**{¶26}** "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

**{¶27}** "(3) Keep all common areas of the premises in a safe and sanitary condition[.]

**{¶28}** The Supreme Court of Ohio has held that "a landlord's violation of the duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence per se." *Robinson v. Bates,* 112 Ohio St.3d 17, 857 N.E.2d 1195, 2006-Ohio-6362, ¶ 23, citing *Sikora v. Wenzel,* 88 Ohio St.3d 493, 727 N.E.2d 1277, 2000-Ohio-406.

**{¶29}** In *Shroades v. Rental Homes, Inc.*, (1981), 68 Ohio St.2d 20, the Ohio Supreme Court held,

**{¶30}** "In light of the public policy and drastic changes made by the statutory scheme of R.C. Chapter 5321, we hold that a landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04. ***

**{¶31}** "R.C. 5321.04 imposes duties on the landlord to make repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. Furthermore, the purpose of the statute is to protect persons using rented residential premises from injuries. A violation of a statute which sets forth specific duties constitutes negligence per se. *Schell v. DuBois* (1916), 94 Ohio St. 93, 113 N.E. 664; *Patton v. Pennsylvania R. R. Co.* (1939), 136 Ohio St. 159, 24 N.E.2d 597; *Grieser v. Huntington Natl. Bank* (1964), 176 Ohio St. 291, 199 N.E.2d 556. However, in addition to negligence per se, proximate cause for the injuries sustained must be established. *Schell* and *Patton*, supra. It must also be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord.

**{¶32}** With regard to snow and ice, the general rule in Ohio is that landlords are not liable for failing to clear naturally accumulated ice and snow from common areas on leased property because the dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that a landlord may reasonably expect that a tenant will act to protect himself against them.  *DeAmiches v. Popczun* (1973), 35 Ohio St.2d 180, 299 N.E.2d 265.  The Ohio Supreme Court has held that the law "does not impose a duty on landlords to keep common areas of the leased premises clear of natural accumulations of ice and snow." *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 212, 503 N.E.2d 159.

**{¶33}** A landlord does have a duty, however, "to refrain from creating or allowing the creation of an unnatural accumulation of ice or snow, if that accumulation results in a condition that is substantially more dangerous than would have resulted naturally." *Saunders v. Greenwood Colony,* Union App. No. 14-2000-40, 2001-Ohio-2099, citing *Myers v. Forest City Ent., Inc.* (1993), 92 Ohio App.3d 351, 353-354, 635 N.E.2d 1268; *Mitchell v. Parkridge Apts., Ltd.,* Cuyahoga App. No. 81046, 2002-Ohio-5357, ¶ 13.

**{¶34}** An unnatural accumulation of snow and ice refers to "causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow." *Walters,* 2002-Ohio-3730 at ¶ 15. In other words, an unnatural accumulation is "man-made," and created by a person doing something that would cause ice and snow to accumulate in an unexpected place or way. *Id.,* quoting *Porter v. Miller* (1983) 13 Ohio App.3d 93, 95, 468 N.E.2d 134; *Lawrence v. Jiffy Print, Inc.,* Trumball App. No. 2004-T-0065, 2005-Ohio-4043, ¶ 14.

**{¶35}** Therefore, to prevail in a personal injury case involving slipping on snow or ice, a plaintiff "must produce evidence that * * * the appellees were actively negligent in permitting or creating an unnatural accumulation of ice and snow." *Mubarak v. Giant Eagle, Inc.,* Cuyahoga App. No. 84179, 2004-Ohio-6011 (emphasis omitted). See, also, *Porter v. Miller* (1983), 13 Ohio App.3d 93, 95, 468 N.E.2d 134 (holding that an "unnatural" accumulation of ice and snow refers to accumulation made by man, rather than mother nature).

**{¶36}** However, even when a plaintiff's resulting slip and fall was due to unnatural accumulations of snow and ice, numerous appellate districts have found the open and obvious doctrine applicable, thus absolving the duty of care on the part of the landowner. *Mounts v. Ravotti,* Mahoning App. No. 07 MA 182, 2008-Ohio-5045, ¶ 53; see, e.g., *Whitehouse v. Customer is Everything!, Ltd.,* Lake App. No. 2007-L-069, 2007-Ohio-6936, ¶ 72; *Prexta v. BW-3, Akron, Inc.,* Summit App. No. 23314, 2006-Ohio-6969, ¶ 13; *Scholz v. Revco Discount Drug Ctr., Inc.,* Montgomery App. No. 20825, 2005-Ohio-5916, ¶ 17-19; *Couture v. Oak Hill Rentals, Ltd.,* Ottawa App. No. OT-03-048, 2004-Ohio-5237, ¶ 16; *Bevins v. Arledge,* Pickaway App. No. 03CA19, 2003-Ohio-7297, ¶ 18-20.

**{¶37}** However, it has also been held that "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573. The open and obvious doctrine, which is based on a common-law duty to warn invitees of latent or hidden dangers, applies to common law premises liability even when it

involves claims against a landlord. *Robinson v. Bates,* 112 Ohio St.3d 17, 857 N.E.2d 1195, 2006-Ohio-6362, ¶ 25.

**{¶38}** A hazard is open and obvious when it is in plain view and readily discoverable upon ordinary inspection. *Mohn v. Wal-Mart Stores, Inc.,* 3d Dist. No. 6-08-12, 2008-Ohio-6184, ¶ 14, citing *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 51, 566 N.E.2d 698. Further, a " 'plaintiff's failure to avoid a known peril is not excused by the fact that he 'did not think,' or 'forgot'." *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1, 3, 295 N.E.2d 202.

**{¶39}** Therefore, in the instant case, if the danger resulting from the shifted board was open and obvious, the landlords owed no duty of care to the tenant, Appellant.

**{¶40}** After reviewing the record, the evidence presented indicates that Appellant has not established Appellees had actual or constructive notice of the fact that the board had shifted and had re-frozen in a different position nor has Appellant established that he made any attempt to notify Appellees of this alleged defective condition.

**{¶41}** Further, we find that condition created by the shifted board was open and obvious. It is undisputed that Appellant knew that the board had shifted away from the drain and was now in a different position, that he had in fact been the one that caused the board to move when he walked over it less than hour before he fell and that the board was in no way hidden from his view. As a result, because the shifted position of the board was open and obvious, we find that Appellees owed no duty of care to Appellant.

{¶42} Accordingly, the trial court did not err in finding no genuine issue of material fact remains and in granting summary judgment on this issue.

{¶43} The first assignment of error is overruled.

II.

{¶44} In the second assignment of error, Appellant asserts the trial court erred in granting summary judgment in favor of Appellees on the issue of common law negligence. We disagree.

{¶45} A common-law negligence claim requires a showing of (1) a duty owed; (2) a breach of that duty; and (3) an injury proximately caused by the breach. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 773 N.E.2d 1018, 2002-Ohio-4210, ¶ 22. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman* (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332. Determination of whether a duty exists is a question of law for the court to decide, and therefore, is a suitable basis for summary judgment. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265; *Galinari v. Koop*, Clermont App. No. CA2006-10-086, 2007-Ohio-4540, ¶ 10, 13.

{¶46} As stated above "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co.*, Inc., 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573, syllabus. In determining whether a condition is open and obvious, "the determinative question is whether the condition is discoverable or discernible by one who is acting with ordinary care under the circumstances." *Galinari* at ¶ 13, citing *Earnsberger v. Griffiths Park Swim Club*, Summit App. No. 20882, 2002-Ohio-3739, ¶ 14. The open and obvious doctrine, which

is based on a common-law duty to warn invitees of latent or hidden dangers, applies to common-law premises liability even when it involves claims against a landlord. *Burress*, 2009-Ohio-2450 at ¶ 14; *Mounts*, 2008-Ohio-5045 at ¶ 50, citing *Robinson*, 2006-Ohio-6362 at ¶ 25,

**{¶47}** As Appellant had knowledge of the open and obvious condition and Appellee had no knowledge of the newly created condition, we find Appellee owed no duty to Appellant.

**{¶48}** Appellant's second assignment of error is overruled.

**{¶49}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs in part and dissents in part.

_____

_____

_____

JUDGES

JWW/d 0425

*Hoffman, P.J., concurring in part and dissenting in part*

{¶50} I concur in the majority's disposition of Appellant's second assignment of error.

{¶51} I respectfully dissent from the majority's disposition of Appellant's first assignment of error.

{¶52} Appellee admitted the drain was insufficient to handle the amount of water directed to it. Appellee admitted rain, not just snow, was sufficient to cause the drain to back up. Appellant had complained to Appellee about the drain prior to his injury and Appellee admitted it was a recurrent issue when there was heavy rain. Pooled water on the plywood board froze during Appellant's visit to the Brasseur's residence.

{¶53} I believe reasonable minds could differ when construing this evidence most favorably to Appellant as to whether Appellee failed to keep all common areas of the premises in a safe condition as required by the Landlord-Tenant Act. Whether Appellant's make-shift attempt to resolve the problem by placing the plywood board over the insufficient drain water was sufficient to render the premise safe should be left for the trier-of-fact to decide.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


HAROLD L. AU                            :
                                        :
    Plaintiff-Appellant             :
                                        :
-vs-                                    :         JUDGMENT ENTRY
                                        :
HARRY L. WALDMAN, et al.                :
                                        :
    Defendants-Appellees            :         Case No. 2010 CA 112



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to Appellant.



                         _____


                         _____


                         _____

                                    JUDGES